## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
(Southern Division)

| | |
|---|---|
| SHANNON MULLEN ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ISAAC KRAMMES, in his ) <br> individual capacity, and ) <br> TOWN OF SUNSET BEACH, ) <br> NORTH CAROLINA, ) <br> ) <br> Defendants. ) <br> ) | **Case No.  7:23-cv-117** <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Shannon Mullen ("Plaintiff" or "Ms. Mullen") brings this action against Defendants Isaac Krammes, in his individual capacity ("Defendant Krammes"), and the Town of Sunset Beach, North Carolina ("Defendant Town") (collectively, "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.      This action seeks to remedy the repeated sexual advances toward and sexual coercion of Ms. Mullen by Defendant Krammes, then a uniformed police officer with the Sunset Beach Police Department, which is an agency within and controlled by the Defendant Town.  Specifically, Defendant Krammes engaged in inappropriate and explicit communications with Ms. Mullen, exposed himself to her and forced her to have sexual intercourse with him in exchange for not arresting her or charging her for criminal activity.

2. In early 2020, Ms. Mullen was pulled over by Defendant Krammes for driving without a driver's license, which she had lost two years prior. Defendant Krammes initially issued Ms. Mullen a ticket, but then wielded his authority to arrest her over the nine months that followed. After this initial encounter, Defendant Krammes repeatedly abused his position as a police officer by sexually intimidating and coercing Ms. Mullen.

3. On multiple occasions while on duty, Defendant Krammes stood in the Sunset Beach Police Department parking lot across the street from where Ms. Mullen worked and stared closely at her for extended periods of time. Ms. Mullen was so unsettled by this behavior that she contacted the Assistant Chief of Police for Sunset Beach to make a complaint. Despite assurances from the Assistant Chief that this issue would be addressed, nothing was done. The Assistant Chief's inaction and tolerance for this conduct provided fertile ground for Defendant Krammes to escalate his predation.

4. Defendant Krammes's conduct escalated from stalking, to running the license plates of Ms. Mullen's visitors, to repeated exposure of his genitals to Ms. Mullen. Ms. Mullen believed she had to silently endure Defendant Krammes's continuous advances because he regularly dangled the threat of arresting her to force her compliance. As a result, when Defendant Krammes demanded that Ms. Mullen have sex with him, she felt she had no meaningful choice but to submit.

5. As a result of Defendant Krammes's conduct, Ms. Mullen has endured overwhelming humiliation and shame, as well as severe depression and anxiety. She has experienced sleeplessness, low energy, feelings of hopelessness and helplessness, loss of

2

sex drive, and an increased smoking habit. Ms. Mullen's emotional distress is so severe that she has become a recluse, developed an ulcer and lost 25 pounds.

6.     Defendant Town was aware of Defendant Krammes's conduct against Ms. Mullen and did nothing to investigate, suspend, or otherwise intervene to stop him. Defendant Town breached its duty to prevent Defendant Krammes from using his badge to wield power, including sexual coercion, against Ms. Mullen.

7.     Despite its overarching duty to serve and protect people in the town, Defendant Town's inaction and tolerance of sexual misconduct – which was well understood within its police force – fostered a state of lawlessness.  As a result, not only could Defendant Krammes's conduct thrive, but also Ms. Mullen could not trust the very office that exists to protect and vindicate victims like herself. Only after Ms. Mullen reported Defendant Krammes to the nearby Ocean Isle Police Department did Defendant Town investigate Defendant Krammes and take his badge.

8.     Defendant Krammes's relentless sexual advances toward and coercion of Ms. Mullen, as well as Defendant Town's abject failure to investigate and address Ms. Mullen's complaint, give rise to claims for violation of Ms. Mullen's constitutional rights under 42 U.S.C. § 1983.  In addition, Defendants' actions and/or inaction give rise to claims by Ms. Mullen under North Carolina law for assault, battery, intentional infliction of emotional distress, negligent hiring, supervision and retention and negligent infliction of emotional distress.

3

## PARTIES

9.      **Plaintiff Shannon Mullen ("Ms. Mullen")** is and was, at all relevant times, a resident and citizen of the Town of Sunset Beach, located in Brunswick County, North Carolina. At the time of the events at issue, she had lived in Sunset Beach for seven years.

10.     **Defendant Isaac Krammes** ("Defendant Krammes") is a resident and citizen of Brunswick County, North Carolina.  At all relevant times, Defendant Krammes was an employee of Defendant Town of Sunset Beach in his capacity as a police officer of the Sunset Beach Police Department ("SBPD").  At all relevant times, Defendant Krammes was acting under color of state law and in the course and scope of his employment as a police officer of Defendant Town. Plaintiff sues Defendant Krammes in his individual capacity.

11.      **Defendant Town of Sunset Beach, North Carolina** ("Defendant Town") is a municipal corporation in Brunswick County, North Carolina, organized under the rules and regulations of Brunswick County and the State of North Carolina.  The SBPD is an agency of Defendant Town and Defendant Town – through its policymakers – has final approval over policies implemented by the SBPD.

12.     Upon information and belief, Defendant Town has waived its governmental immunity for the conduct of SBPD officers by obtaining insurance coverage that will indemnify Defendant Krammes and other SBPD officers for the claims in this case. Accordingly, Defendants have waived any governmental or public officer immunity they might claim.

13. Each Defendant is responsible for the actions, customs, policies, and/or practices alleged in this Complaint and/or is a necessary party for obtaining relief. The injuries inflicted on Ms. Mullen occurred because of the actions or inactions of each Defendant.

## JURISDICTION AND VENUE

14. Plaintiff brings this action under 42 U.S.C. § 1983 for violations of her civil rights as guaranteed by the United States Constitution, and under the common law of North Carolina for negligence, assault and battery, and constitutional violations.

15. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is an action based on violations of 42 U.S.C. § 1983 (Counts I, II and III).

16. This court has supplemental jurisdiction over Plaintiff's state law claims (Counts IV, V, VI, VII and VIII) pursuant to 28 U.S.C. § 1367.

17. Defendants are each subject to the personal jurisdiction of this court because they each reside in or have their principal place of business in Brunswick County, North Carolina, which is within this judicial district. Further, Defendants are each present in and regularly conduct affairs and business activities in this judicial district and engaged in the conduct that is the subject of this lawsuit within its judicial district.

18. Venue is proper in the Eastern District of North Carolina, as the events giving rise to this action occurred in Brunswick County, and all Defendants reside or have their principal offices in Brunswick County, which is within this judicial district.

# FACTS

19.     Ms. Mullen has lived in Sunset Beach, North Carolina for seven years. She lives just two blocks from the headquarters of the SBPD, which is located at 700 Sunset Boulevard North, Sunset Beach, North Carolina 28368.

20.     In 2018, Ms. Mullen lost her driver's license and was no longer legally permitted to drive until her license was reinstated.

21.     Defendant Krammes was employed as a law enforcement officer with the SBPD between approximately January 2020 and October 2020.

22.     In or around January 2020, Defendant Krammes pulled Ms. Mullen over for driving without license while she was driving her car to work.  Following this initial interaction, Defendant Krammes began to continually harass Ms. Mullen.

23.     Ms. Mullen worked across the street from the Sunset Beach Police Department and Defendant Krammes regularly stood in the Police Department's parking lot to watch Ms. Mullen closely while she was travelling to and from work.  Ms. Mullen was so disturbed by Defendant Krammes's conduct that she contacted the Assistant Chief of Police sometime in the spring of 2020.  The Assistant Chief of Police assured Ms. Mullen that Defendant Krammes would "lay off."

24.     Defendant Krammes continued to stalk Ms. Mullen and, as a result, Ms. Mullen was scared to go to work and developed significant anxiety that she would run into Defendant Krammes during her walks to work.

25.     Subsequently, Defendant Krammes's conduct escalated. Defendant Krammes began to stop by Ms. Mullen's house and park his patrol vehicle in her yard.

6

26.     On at least one occasion, Defendant Krammes had Ms. Mullen come out to his patrol car to talk with him.  During their conversation, Officer Krammes unzipped his pants and exposed his penis to her.

27.     When Ms. Mullen had visitors over to her house, Defendant Krammes ran their license plates through the police system to discover their identities.  Defendant Krammes then advised Ms. Mullen that he knew who her visitors were, which made Ms. Mullen extremely uncomfortable and scared for her safety and for that of her visitors.

28.     On several occasions, Defendant Krammes texted Ms. Mullen nude photographs of himself and asked for her to reciprocate by sending nude photographs of herself to him.  Ms. Mullen declined.

29.     Throughout his mistreatment of Ms. Mullen, Defendant Krammes used the threat of arrest to intimidate Ms. Mullen into compliance.  In a region that lacks adequate public or mass transportation, Defendant Krammes knew that she needed to drive in order to earn a living.  Taking advantage of this, Defendant Krammes told Ms. Mullen that even though she did not have a driver's license, he would allow her to drive if she would "just play the game."

30.     After her initial complaint to the Sunset Beach Police Department was ignored, Ms. Mullen believed any further attempt to report Defendant Krammes would be futile and could potentially exacerbate matters.

31.     In the late summer and fall of 2020, on three separate occasions, Defendant Krammes parked his patrol vehicle in Ms. Mullen's yard and asked to use her bathroom.

Ms. Mullen believed that she had to say yes, or she risked getting arrested, so she allowed Defendant Krammes to use the bathroom each time.

32.     On each of these occasions, after he used the restroom, Defendant Krammes emerged with his penis out of his pants while he walked toward Ms. Mullen.  Ms. Mullen told him to put it back each time, and each time Defendant Krammes responded by laughing as he put his penis back in his pants and left her house.

33.     One night, while Defendant Krammes was working the night shift, he came to Ms. Mullen's house while on duty and pressured her to engage in sexual intercourse with him.  Again, Ms. Mullen felt she had no choice but to submit to Defendant Krammes or risk getting arrested.

34.     The Sunset Beach Police Department and Defendant Town were aware of Defendant Krammes's campaign of sexual advances toward Ms. Mullen and did nothing to intervene.

35.     Upon information and belief, the Sunset Beach Police Department has a culture of trading dismissals for criminal charges for sexual acts and at least one other officer regularly engaged in conduct like that of Defendant Krammes.

36.     After she was forced to have sex with Defendant Krammes, Ms. Mullen reported his conduct to an officer in the nearby Ocean Isle Police Department, who then contacted the Sunset Beach Police Department.  Only after the Ocean Isle Police Department reached out did Defendant Town take appropriate action against Defendant Krammes by removing his badge.

37. The North Carolina Department of Justice is currently investigating Defendant Krammes as a result of his treatment of Ms. Mullen.

38. Ms. Mullen has withdrawn almost completely from her community as a result of the overwhelming shame, humiliation and anxiety she experienced as a result of Defendant Krammes's actions and Defendant Town's failure to act to protect her. She has experienced sleeplessness, low energy, feelings of hopelessness and helplessness, loss of sex drive and an increased smoking habit. She has also developed an ulcer and lost 25 pounds. Ms. Mullen has sought therapy and psychiatric care, and she is taking medication for the symptoms of distress she suffers from due to the trauma caused by Defendant Krammes's conduct, which was made possible and ratified by the Defendant Town.

**COUNT I**
**VIOLATION OF CIVIL RIGHTS –42 U.S.C. § 1983 – FOURTH AMENDMENT RIGHT TO BODILY INTEGRITY**
**(Defendant Krammes)**

39. The allegations of paragraphs 1 through 38 are realleged and incorporated by reference as if fully set forth herein.

40. The allegations in this Complaint constitute a violation of Ms. Mullen's constitutional rights as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, which is actionable under 42 U.S.C. § 1983.

41. The constitutional guarantees of the Fourth Amendment have been incorporated against state and local governments by the Fourteenth Amendment.

42. Ms. Mullen has a constitutionally protected fundamental right to be secure in her person and to maintain her bodily integrity against unreasonable assault, battery and invasion of personal security by means of sexual coercion.

43. Ms. Mullen's Fourth Amendment rights were violated by Defendant Krammes's repeated sexual coercion of her, weaseling his way into her home, exposing his penis to her both in person and through unsolicited text messages, and forcing her to engage in sexual intercourse with him.

44. Ms. Mullen's right to substantive due process under the Fourteenth Amendment – specifically her right to bodily integrity – was violated by Defendant Krammes's sexual advances toward and coercion of her.

45. Defendant Krammes is a "person" within the meaning of 42 U.S.C. § 1983.

46. Defendant Krammes was acting under color of law, namely in his law enforcement capacity, throughout the period in which these incidents occurred.

47. As a direct and proximate consequence of Defendant Krammes's conduct, Ms. Mullen suffers and will continue to suffer both physical and emotional harm.

48. As a direct and proximate consequence of Defendant Krammes's conduct, Ms. Mullen has incurred and will continue to incur medical and other costs.

49. Defendant Krammes's above-described actions deprived Ms. Mullen of the securities, rights, privileges, and immunities secured by the Constitution of the United States of America and cause her other damages in an amount to be proven at trial.

10

50. Defendant Krammes's above-described actions violates the clearly established rights of Ms. Mullen of which reasonable people in Defendant Krammes's position knew or should have known.

51. Ms. Mullen is entitled to recover from Defendant Krammes all damages allowed by law, including compensatory and punitive damages.

52. In the alternative, Defendant Krammes's actions were willful, wanton, reckless, and/or conducted with actual malice towards Ms. Mullen or with a reckless and outrageous disregard to the health, safety, and welfare of others, including Ms. Mullen. Accordingly, Ms. Mullen is entitled to recover punitive damages.

53. Ms. Mullen is also entitled to recover reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

## COUNT II
## VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 – UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER *MONELL*
### (Defendant Town)

54. The allegations of paragraphs 1 through 53 are realleged and incorporated by reference as if fully set forth herein.

55. At all relevant times, Defendant Town, through its operation of its town agency Sunset Beach Police Department, directly employed Defendant Krammes, as an officer with the Sunset Beach Police Department. At all times material to this Complaint, Defendant Town – by and through the Mayor and the Police Chief – acted as the final policymaker for the policies, customs, and practices of the Sunset Beach Police Department.

11

56.     The actions of Defendant Krammes and the injuries suffered by Ms. Mullen were actually and proximately caused by the then-existing policies, customs, and practices, whether official or unofficial, that were established or ratified by Defendant Town.

57.     Defendant Town expressly or tacitly encouraged, ratified, and/or approved of the acts and/or omissions alleged in this Complaint and knew or should have known that such conduct was inappropriate and unlawful and would result in violations of constitutional rights, including those of Ms. Mullen.

58.     The official and unofficial policies and customs of Defendant Town, through the Sunset Beach Police Department's unofficial policies and customs, one of its town agencies, permitted and encouraged improper and unlawful abuses of power – including sexual advances toward and coercion of its citizens and the exchange of leniency in law enforcement for sexual favors.

59.     In addition, or in the alternative, upon information and belief, these actions and the resultant harms were actually and proximately caused by a condoned custom, constructively or actually known to Defendant Town.

60.     These policies and customs were in violation of Ms. Mullen's rights under the Fourth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

61.     Specifically, the official and unofficial policies and customs promulgated by Defendant Town were unconstitutional insofar as they:

       a.      Failed to hold officers accountable for instances of sexual misconduct;

       b.      Tacitly protected officers through improper means, even where an

officer abused his authority to pressure a member of the community into sexual acts;

c.  Sanctioned sexually coercive conduct by officers – including that of Defendant described herein – by failing to discipline or terminate them;

d.  Were recklessly indifferent and manifestly disregarded the rights of the people of Sunset Beach and the surrounding community in such other ways as described herein.

62.  Through these policies and customs, Defendant Town knowingly, willfully, and intentionally disregarded the constitutional rights of the citizens of Sunset Beach, including Ms. Mullen.

63.  These policies and customs were the actual and proximate cause of Ms. Mullen's injuries and the deprivation of her constitutional rights.

64.  Defendant Town's actions were knowing and willful or at least involve reckless or callous indifference to Ms. Mullen's federally protected rights, warranting punitive damages.

65.  As a direct and proximate cause of these acts and omissions of Defendant Town, Ms. Mullen is entitled to recover all damages she suffered, including serious physical injury, pain and suffering, and mental anguish, medical cost, and other economic damages, allowed by law, including punitive damages.

66.  Ms. Mullen is also entitled to recover reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

## COUNT III
## VIOLATION OF CIVIL RIGHTS – 42 U.S.C. § 1983 – FAILURE TO TRAIN AND/OR SUPERVISE UNDER *MONELL*
### (Defendant Town)

67. The allegations of paragraphs 1 through 66 are realleged and incorporated by reference as if fully set forth herein.

68. Defendant Town, through its operation of town agency Sunset Beach Police Department, had control over the training and supervision of Sunset Beach Police Department officers, including Defendant Krammes.

69. Defendant Town failed to properly train and/or supervise its officers, despite having knowledge of the need for better and additional training and supervision.

70. Specifically, Defendant Town, through its operation of town agency Sunset Beach Police Department, failed to train and/or supervise officers of the Sunset Beach Police Department, including Defendant Krammes, in the following respects. It:

    a. Provided no or woefully inadequate training and/or supervision on sexual misconduct, coercion or abuse of power;

    b. Conducted no or little training and/or supervision to teach officers what conduct might constitute or be perceived as sexual misconduct, coercion or abuse of power;

    c. Failed to establish appropriate procedures to train and/or supervise officers on how and/or when to report instances of sexual misconduct, coercion or abuse of power between officers and people in the community;

14

d.    Provided officers with training and/or supervision that was vague, ineffective and lacked clear standards;

e.    Trained and/or supervised officers in a manner that discounted or discouraged accountability;

f.    Were otherwise recklessly indifferent and manifestly disregarded the rights of the people in the community in training and/or supervision as described in this Complaint.

71.    Defendant Town created, maintained, and executed the policies, practices, and customs set forth above, which constitute manifest and critical training failures. These training policies, practices and customs were known to Defendant Town, who trained officers of the Sunset Beach Police Department, including Defendant Krammes, to be inadequate, dangerous, and manifestly likely to cause harm.

72.    The repeated and sustained failures of the Defendant Town to properly train/or supervise officers of the Sunset Beach Police Department constituted deliberate indifference to and reckless disregard for the rights and welfare of Ms. Mullen and the other citizens of Sunset Beach.

73.    Defendants' actions were knowing and willful or at least involve reckless or callous indifference to Ms. Mullen's federally protected rights, warranting punitive damages.

74.    As a direct and proximate cause of these acts and omissions of Defendants, Ms. Mullen is entitled to recover all damages she suffered, including serious physical

15

injury, pain and suffering, and mental anguish, medical cost, and other economic damages, allowed by law, including punitive damages.

75.     Ms. Mullen is also entitled to recover reasonable costs and attorneys' fees pursuant to 42. U.S.C. § 1988.

## COUNT IV
## NEGLIGENT HIRING, SUPERVISION AND RETENTION
### (Defendant Town)

76.     The allegations of paragraphs 1 through 75 are realleged and incorporated by reference as if fully set forth herein.

77.     Defendant Town owed a legal duty of reasonable care to Ms. Mullen and other citizens of Sunset Beach, including to provide Ms. Mullen with a safe place to live under the rule of law, free from assaultive behavior of its employees, especially those sworn to uphold the law, whom Defendant Town hired.

78.     Defendant Town also owed a duty to Ms. Mullen to properly train Sunset Beach Police Department officers, including providing basic information about what conduct constitutes inappropriate sexual advances, coercion or abuse of power, and about how to identify and report such conduct by fellow officers.

79.     Defendant Town breached its duty when it did not exercise reasonable care in the hiring, supervision and retention of its employee, Defendant Krammes.

80.     Defendant Krammes continually sexually harassed Ms. Mullen and abused his power as a law enforcement officer to pressure Ms. Mullen into engaging in sexual intercourse with him.  This conduct caused severe emotional distress, including depression, anxiety, humiliation, loss of self-esteem and loss of enjoyment in life.

16

81. Ms. Mullen's injuries were the reasonably foreseeable result of Defendant Town's breach of its duty of reasonable care to Ms. Mullen.

82. Defendant Town's negligence in failing to properly hire, supervise and retain Defendant Krammes did in fact cause injury to Ms. Mullen.

83. Defendant Town is liable for the tortious acts of an employee that it knew or should have known was unfit or incompetent.

84. Defendant Krammes was an unfit or incompetent employee of Defendant Town.

85. Defendant Town was negligent in failing to adequately hire, supervise and retain Defendant Krammes, an unfit or incompetent employee who they knew or should have known to have a propensity for sexual predation.

86. Ms. Mullen would not have been repeatedly sexually harassed or forced to engage in sexual intercourse with Defendant Krammes, but for the negligence of Defendant Town in hiring, retaining, and failing to adequately supervise Defendant Krammes.

87. As a result, any tortious acts that were committed by Defendant Krammes against Ms. Mullen while he was on duty, in uniform or otherwise holding himself out as a Sunset Beach Police Department officer – and the resultant injuries to Ms. Mullen – were the proximate and foreseeable result of such negligent hiring, supervision, and retention of Defendant Krammes.

88. Defendant Town is thus liable for Defendant Krammes's conduct and Ms. Mullen's injuries that resulted from his continuous sexual advances toward and coercion of her.

89.     Ms. Mullen seeks and is entitled to actual and compensatory damages against Defendant Town for the severe mental and emotional distress that she experienced during and because of Defendant Krammes's conduct during his employment as an officer with the Sunset Beach Police Department, as well as punitive damages under Chapter 1D of North Carolina's General Statutes for willful and wanton conduct in excess of $25,000.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Defendant All Defendants)

90.     The allegations of paragraphs 1through 89 are realleged and incorporated by reference as if fully set forth herein.

91.     In the alternative to count VI below, Defendants have negligently inflicted upon Ms. Mullen emotional distress.

92.     Defendant Krammes owed to Ms. Mullen a legal duty of care to act reasonably in carrying out his authority as a police officer with the Sunset Beach Police Department.

93.     Defendant Kramas breached that duty when he engaged in repeated sexual advances toward Ms. Mullen, including wielding his authority to pressure her into having sexual intercourse with him.

94.     As described *supra*, Defendant Town owed Ms. Mullen a duty of reasonable care as a member of the general public and citizen and resident of the Town, to ensure that their employees and agents, including the employees and agents of the town agencies it operated, performed their duties in a way that avoided endangering members of the public.

95.     Defendant Town breached that duty when they did not exercise reasonable care in hiring, supervising, and retaining of Defendant Krammes, resulting in the misconduct of its employee.

96.     Ms. Mullen's injury – severe emotional distress – was the reasonably foreseeable result of Defendants' breach of their duty of reasonable care to Ms. Mullen.

97.     Defendants' negligence did in fact cause Ms. Mullen to suffer severe emotional distress, including depression, anxiety, humiliation, embarrassment, low self-esteem and loss of enjoyment in life. She has required treatment by mental health professionals and medication to treat her severe and ongoing emotional distress.

98.     Ms. Mullen's severe emotional distress was the actual and proximate result of Defendants' actions and inactions and the consequences proximately caused by them.

99.     Ms. Mullen seeks and is entitled to actual and compensatory damages against Defendants' for the severe mental and emotional distress that she experienced during and because of Defendants' acts or omissions, as well as punitive damages under Chapter 1D of North Carolina's General Statutes for willful and wanton conduct in excess of $25,000.00.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

100.     The allegations of paragraphs 1 through 99 are realleged and incorporated by reference as if fully set forth herein.

101.     In the alternative to Count V above, Defendants have intentionally inflicted upon Ms. Mullen emotional distress.

19

102. Each of Defendants' conduct, as described above, was extreme, outrageous and exceeded the bounds of civil society.

103. Defendants acted intentionally and/or with reckless indifference to the likelihood that their conduct would cause Ms. Mullen severe emotional distress.

104. The recklessly indifferent and intentional actions of Defendants did, in fact, cause Ms. Mullen to suffer severe emotional distress, including anxiety, depression, humiliation, embarrassment, low self-esteem and loss of enjoyment in life. She has required treatment by mental health professionals and medication to treat her severe and ongoing emotional distress.

105. Ms. Mullen seeks and is entitled to actual and compensatory damages against all Defendants for the severe mental and emotional distress that she experienced as a result of Defendants' acts or omissions, as well as punitive damages under Chapter 1D of North Carolina's General Statutes for willful and wanton conduct in excess of $25,000.00.

**COUNT VII**
**ASSUALT AND BATTERY**
**(Defendant Krammes)**

106. The allegations of paragraphs 1 through 105 are realleged and incorporated by reference as if fully set forth herein.

107. Defendant Krammes has individually committed the torts of assault and battery upon Ms. Mullen.

108. As described herein, Defendant Krammes showed the intent to cause apprehension of an imminent offensive or harmful contact when he stalked Ms. Mullin

20

outside of her workplace, parked his patrol vehicle in her yard on several occasions and repeatedly exposed his penis to her while walking toward her and laughing.

109. Defendant Krammes, while he was in uniform and on duty, also committed to unwanted and non-consensual touching of Ms. Mullen when he pressured Ms. Mullen into having sexual intercourse with him.

110. Ms. Mullen could not and did not meaningfully consent to sexual intercourse with Defendant Kramas because she believed she had no choice but to comply or be arrested.

111. Defendant Kramas knew or should have known that while he was in uniform and on duty, Ms. Mullen could not and did not meaningfully consent to sexual intercourse with him.

112. As a direct and proximate result of this apprehension of unwanted physical contact and unwanted and non-consensual touching by Defendant Krammes, Ms. Mullen has suffered and continues to suffer severe emotional distress, including anxiety, depression, humiliation, embarrassment, low self-esteem and loss of enjoyment in life. She has required treatment from mental health professionals and medication to treat her sever and ongoing emotional distress.

113. Ms. Mullen seeks and is entitled to actual and compensatory damages against Defendant Krammes for the severe mental and emotional distress that she experienced during and because of Defendant Krammes's conduct, as well as punitive damages under Chapter 1D of North Carolina's General Statutes for willful and wanton conduct in excess of $25,000.00.

21

## COUNT VIII
## PUNITIVE DAMAGES
### (Against All Defendants)

114. The allegations of paragraphs 1 through 113 are realleged and incorporated by reference as if fully set forth herein.

115. The above-described conduct of all Defendants constituted willful and wanton conduct in reckless disregard of Ms. Mullen's rights and was without provocation, legal justification, or any excuse.

116. Defendant Town participated in the misconduct described above, which was directly perpetrated by Defendant Kramas. For example, Defendant Town knew of a policy among its officers to exchange leniency for sexual favors in criminal matters and it failed to investigate or terminate officers who were accused of or known to have engaged in sexual misconduct, coercion or abuse of power toward its citizens.

117. The aforementioned willful and wanton conduct of all Defendants was designed to injure Ms. Mullen and did, in fact, injure Ms. Mullen.

118. Punitive damages should be awarded against all Defendants to punish said Defendants and to deter other potential defendants from the same or substantially similar intentional and reckless conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shannon Mullen prays as follows:

1. That this Court find Defendants liable for the deprivation of Ms. Mullen's constitutional rights, in violation of 42 U.S.C. § 1983, and issue an award of damages in favor of Ms. Mullen accordingly;

2.      That this Court find Defendants liable for negligent hiring, retention, and supervision, negligent infliction of emotional distress, or, in the alternative, intentional infliction of emotional distress, assault and battery and issue an award of damages in favor of Ms. Mullen accordingly;

3.      That this Court order Defendants to pay monetary damages in an amount to be determined at trial, but in any case, an amount exceeding twenty-five thousand dollars, including but not limited to Ms. Mullen's medical expenses, pain and suffering, mental anguish, and other damages that may be ascertained at trial;

4.      That this Court order Defendants to pay punitive damages for actions motivated by malicious intent or involving reckless or callous indifference to Ms. Mullen's federally protected rights, or as otherwise appropriate under applicable law;

5.      That this Court order Defendants to pay Ms. Mullen's cost of litigation and reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988(b), § 1988(c), and other laws, as applicable;

6.      Pre-and Post-judgment interest at the highest lawful rate;

7.      Any and all additional damages to which Ms. Mullen might be entitled;

8.      That all damages and costs be assessed and enforced jointly and severally against all defendants as appropriate and allowed by law; and,

9.      That this Court order any other relief that it deems just and proper.

**JURY DEMAND**

**Plaintiff demands a trial by jury on all issues so triable.**

23

Respectfully submitted this 11th day of February, 2023.

**EDWARDS BEIGHTOL, LLC**
__/s/ Catharine E. Edwards_____
Catharine E. Edwards
NC Bar No. 52705
Victoria L. Hanafin
NC Bar No. 57913
Post Office Box 5967
Raleigh, North Carolina 27628
T: (919) 636-5100
F: (919) 495-6868
E: cee@eblaw.com

**TARLTON LAW PLLC**
_/s/ Raymond C. Tarlton_____
Raymond C. Tarlton
NC Bar No. 38784
Post Office Box 91624
Raleigh, North Carolina 27675
T: (919) 390-1278
F: (919) 400-4200
E: ray@tarltonfirm.com

*Attorneys for Plaintiff Shannon Mullen*