IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
(Southern Division)

| | |
|---|---|
| SHANNON MULLEN<br><br>Plaintiff,<br><br>vs.<br><br>ISAAC KRAMMES, in his individual capacity, and TOWN OF SUNSET BEACH, NORTH CAROLINA<br><br>Defendants. | Case No. 7:23-cv-00117-FL |

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendant Isaac Krammes ("Krammes") provides the following factual and legal basis opposing Plaintiff's Motion to Compel brought pursuant to Fed. R. Civ. P. 26, 33, 34, and 37. Plaintiff seeks attorney-client communications following the commencement of litigation, by demanding either the communications themselves, or a "privilege log" wherein defense counsel would have to catalogue—by date and general description—each and every text, email, and other communication between himself and Krammes. That kind of intrusion into the sanctity of the attorney-client privilege finds no basis in Fed. R. Civ. P. 26(b)(5)(A) or related case law.

Krammes therefore requests this Court deny Plaintiff's Motion to Compel a Privilege Log under Fed R. Civ. P. 26(b)(5)(A), and additionally requests the Court find that Krammes properly asserted and has not waived the attorney-client privilege. Krammes further asks the Court to deny Plaintiff's request for attorneys' fees or expenses incurred in making this Motion, on the grounds that Krammes's objections were substantially justified, Fed. R. Civ. P. 37(a)(5)(A)(ii), and order instead that Plaintiff pay Krammes's reasonable expenses incurred in opposing the Motion.

## Statement of Facts

Krammes does not dispute Plaintiff's recitation of the general timeline of events, (ECF 31, at ¶¶ 1–3, 5–8), as to the initiation of this action, the service of interrogatories and requests for production on Krammes on May 25, 2023, (ECF 32-1), Krammes' timely responses on June 23, 2023, (ECF 32-2 and 32-3), Plaintiff's September 22, 2023 letter (ECF 32-4), Krammes' October 11, 2023 supplemental discovery responses, (ECF 32-6) and accompanying correspondence, (ECF 32-5), and counsels' email exchange on October 18, 2023. (ECF 32-7 and 32-8). Krammes asserted attorney-client privilege in responding to Interrogatory No. 7 (ECF 32-2 at 3), and Requests for Production Nos. 7, 8, 9, and 15. (ECF 32-3 at 3–4).

Plaintiff sent Krammes a letter on September 22, 2023, claiming deficiencies with Krammes' responses to the foregoing discovery requests, and demanding that Krammes provide a privilege log defending his assertions of attorney-client privilege. (ECF 32-4). Plaintiff did not specifically challenge Krammes' assertion of attorney-client privilege in response to Interrogatory No. 7, even though it is now raised in Plaintiff's Motion.

Krammes supplemented his discovery responses to Plaintiff on October 11, 2023, and reasserted the same objections to requests seeking attorney-client communications. Plaintiff's counsel sent an email to Krammes' counsel seeking to confirm that Krammes was not going to produce a privilege log, and Krammes' counsel responded in the affirmative on October 18, 2023, consistent with what he explained to Plaintiff's counsel by email on October 6, 2023. (ECF 32-5 at 2) ("Because Krammes never consulted an attorney prior to being named in this lawsuit, the only attorney-client communications he has had since then about these events are absolutely privileged. Neither Rule 34 nor any binding case law requires Krammes in this circumstance to

provide a log charting the date and subject matter of each conversation or sharing of information with legal counsel. Your demand for a privilege log is therefore respectfully declined.").

  **I.** **Plaintiff is not entitled to a Privilege Log as the Attorney-Client Communications are not "Otherwise Discoverable" under Fed. R. Civ. P. 26(b)(5)(A)(ii).**

Fed. R. Civ. P. 26(b) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Specifically, Fed. R. Civ. P. 26(b)(5) discusses information "otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material."

Plaintiff argues a privilege log is required by Fed. R. Civ. P. 26(b)(5)(A)(ii) for all attorney-client communications. Specifically, Plaintiff argues a privilege log should be produced in response to Krammes's responses to Interrogatory No. 7 and Rule 34 requests 7, 8, 9, and 15, all of which seek "documents," "notes," or "communications" about Plaintiff or Plaintiff's allegations. (ECF 32-4 at 2-7).

  **A. Plaintiff's Motion to Compel should be denied with respect to Interrogatory 7**

Interrogatory 7 asked Krammes to identify all recordings, documents, text messages, radio transmissions, and electronic communications made by him or his agent(s) regarding the incident described in the Complaint. (ECF 32-2, p. 3). In response, Krammes stated, "[n]one other than attorney-client communications." *Id.* Plaintiff never challenged Krammes' objection to identifying responsive communications on the grounds of attorney-client privilege prior to the instant motion. (*See* ECF 32-4 at 2–7). For the reasons set forth below, Krammes' objection to identifying such communications is well founded, so Plaintiff's motion could be denied on the merits with respect to Interrogatory 7. However, Plaintiff's failure to request supplementation of this response or otherwise confer regarding the sufficiency of Krammes' response to Interrogatory 7 is, on its own, sufficient to deny Plaintiff's Motion as to this request without reaching the merits.

### B. A Privilege Log is not Required for Krammes's Communications Protected by the Attorney-Client Privilege.

A privilege log is required only when the information claimed to be privileged is "otherwise discoverable." *See* Fed. R. Civ. P. 26(b)(5)(A). "The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 448 U.S. 383, 389 (1981) (citing 8 J. Wigmore, Evidence § 2290 (McNaughton rev. 1961)). Protection of communications between a lawyer and his or her client "encourages observance of the law and aids in the administration of justice." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985).

When the attorney-client privilege applies, "it affords confidential communications between lawyer and client complete protection from disclosure" and is thus not discoverable. *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998) (citing *United States v. (Under Seal)*, 748 F.2d 871, 874 (4th Cir. 1984) (stating that attorney-client privilege protects from revelation the substance of confidential client communications), *vacated in part on other grounds*, 757 F.2d 600 (4th Cir. 1985)).

The Fourth Circuit applies the "classic test" for whether the attorney-client privilege exists:

> The privilege applies only if
> (1) the asserted holder of the privilege is or sought to become a client;
> (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer;
> (3) the communications relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and
> (4) the privilege has been (a) claimed and (b) not waived by the client.

*Hawkins*, 148 F.3d at 383 (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (internal citation omitted)).

Here, Krammes never consulted an attorney prior to being named in this lawsuit, so all communications between Krammes and counsel have been with Krammes as a client. (*See* ECF 32-7 at 3). The person to whom the communication was made, Scott MacLatchie, is a member of the North Carolina Bar and has acted as a lawyer in all communications with Krammes regarding this litigation. *Id.* The protected communications are direct conversations and written correspondence between counsel and Krammes regarding this case. *Id.* Thus, the communications relate to facts of which counsel was informed by Krammes without the presence of strangers and for the purpose of providing legal services relating to this lawsuit, and not for the purpose of committing a crime or tort. *See id.* Krammes asserted the attorney-client privilege only in response to specific discovery requests that sought identification or production of privileged communications. This Court should thus find that the attorney-client privilege exists between Krammes and his attorney, Scott MacLatchie, and that counsel's communications with Krammes are protected.

Plaintiff's asserted basis for demanding a privilege log is fundamentally flawed. Rule 26(b)(5) was added to require parties to "notify other parties if it is withholding materials *otherwise subject to disclosure* under the rule or pursuant to a discovery request because it is asserting a claim of privilege." *See* Fed. R. Civ. P. 26, 1993 Amendments, advisory committee's notes (emphasis added). "The obligation to provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.'" *Id.*

There is no presumption anywhere in the law that direct communications between attorney and client following the commencement of litigation are "subject to disclosure." That is why courts around the country have rejected the notion that a privilege log is required for attorney-client communications following the commencement of litigation. *See, e.g.*, *Kumar v. Nationwide*

*Mutual Ins. Co.*, No. 22-cv-03852-TLT (LJC), 2023 WL 3598478 at *9 (N.D. Cal. May 23, 2023) ("[C]ounsel's communications with the client . . . once the litigation commences are presumptively privileged and need not be included on any privilege log.") (internal citation omitted); *Prism Techs., LLC v. Adobe Sys.*, No. 8:10CV220, 2011 WL 5523389 at *2 (D. Neb. Nov. 14, 2011) (no privilege log was necessary because of the "assumption of attorney-client privilege regarding communications between the parties and their counsel that took place after the litigation began"); *Glynn v. EDO Corp.*, No. JFM-07-01660, 2010 WL 3294347, at *7, n.12 (D.Md. Aug. 20, 2010) (deeming it "appropriate" for parties to omit from privilege log "material created after the litigation was instituted"); *United States v. Bouchard Transp.*, No. 08-CV-4490, 2010 WL 1529248, at *2 (E.D.N.Y. Apr. 14, 2010) ("First, privilege logs are commonly limited to documents created before the date litigation was initiated. This is due to the fact that, in many situations, it can be assumed that all documents created after . . . a lawsuit has been filed and withheld on the grounds of privilege were created 'because of' that pending litigation."); *In re Application for an Order Pursuant to 28 U.S.C. § 1782*, 286 F.Supp.3d 1, 7 (D.D.C. 2017) ("[W]hen a discovery request demands production of an attorney's records in connection with representation of a client, invocation of the protections of the attorney client privilege and work-product doctrine may be effective without requiring a detailed privilege log.") (citing *Prisim Techs.* and *Bouchard Transp.*, as quoted).

Notably, the *Hepburn* decision cited by Plaintiff does not hold otherwise for the context presented here, which involves straight line communications—verbal and written—between an individual client and his attorney after the commencement of litigation. Instead, *Hepburn* addresses the often thorny and complex issue of multiple channels of information to and from a corporate attorney involving persons who may or may not be considered a true "client" for purpose

of the privilege. As framed by the court: "Plaintiff contends that the first category of documents is not privileged because the emails are from one non-attorney to another. As to the second category of documents, Plaintiff argues that these emails merely copy an attorney on the email, that the attorneys were not active participants in the conversation, and that any privilege is waived because the information in the email was disseminated to non-lawyers who did not need access to the emails." *Hepburn v. Workplace Benefits, LLC*, No. 5:13-CV-00441-BO, 2014 WL 12623294, at *1 (E.D.N.C. 2014). In a complicated scenario like that, the value of a privilege log is self-evident, so as to decipher who sent what to whom and when, and whether each circumstance warrants application of the privilege.

But that is categorically *not* the situation presented here by a single client's communications to his own attorney. Indeed, "a rule requiring creation of an ongoing log of all post-complaint privileged communications would have a chilling effect on the attorney-client relationship." *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 139 n.22 (3d Cir. 2009). "The client cannot be compelled to answer the question, 'What did you say or write to the attorney?'" *Upjohn Co.*, at 395 (quoting *Philadelphia v. Westinghouse Elec. Corp.*, 205 F.Supp. 830, 831 (E.D. Pa. 1962)). Requiring the creation of a privilege log documenting counsel's communications with Krammes, or, as Plaintiff requests, deeming Krammes' privilege waived so as to require production of all such communications, would have precisely that effect. *See also Jackson v. County of Sacramento*, 175 F.R.D. 653, 656 (E.D. Cal. 1997) ("It would be a rare case, for instance, that an attorney could not withhold a file of correspondence with his client on the ground that it was privileged without providing a bibliographic 'log' of the entire contents.").

To reiterate, defense counsel's communications with Krammes began only after the commencement of litigation. (ECF 32-7 at 3). If litigation counsel had to disclose to his or her

- 7 -
Case 7:23-cv-00117-FL    Document 33    Filed 11/08/23    Page 7 of 11

opponent the date and subject matter of every client letter, email, correspondence, or conversation, the landscape of litigation would be fundamentally changed. *See Grider*, 580 F.3d at 139 n.22. This Court should find that Krammes' direct communications with his attorney are not subject to disclosure under Rule 26 of the Federal Rules of Civil Procedure. Furthermore, this Court should follow the holdings referenced above from the Third Circuit and district courts across the country and find that Krammes was not—and is not—required to create a privilege log documenting direct communications between himself and his attorney. *See* Fed. R. Civ. P. 26, 1993 amendments, advisory committee's notes.

Krammes thus respectfully requests that this Court deny Plaintiff's Motion to Compel Privilege Log as the information requested is absolutely privileged and, very importantly, otherwise "not discoverable."

### C. There has been no waiver of the attorney-client privilege.

If the Court finds the attorney-client privilege is applicable, Plaintiff argues, alternatively, that Krammes did not properly assert the privilege and has, therefore, waived it. "Given the sanctity of the attorney-client privilege and the seriousness of privilege waiver, courts generally find waiver only in cases involving unjustified delay, inexcusable conduct and bad faith." *Smith v. James C. Hormel School of Virginia Institute of Autism*, No. 2:08-CV-00030, 2010 WL 3702528 at *5 (W.D. Va. Sept. 14, 2010); *see Dep't of Justice Subpoenas to ABC*, 263 F.R.D. 66, 71 (D. Mass. 2009) (stating waiver is appropriate when conduct "evinces a 'deliberate pattern of delay' and is 'egregious'."); *White v. Graceland Coll. Ctr. For Prof. Develop. & Lifelong Learning, Inc.*, 586 F.Supp.2d 1250, 1266 (D. Kan. 2008) ("Acknowledging the harshness of a waiver sanction, however, courts have reserved such a penalty for only those cases where the offending party committed unjustified delay in responding to discovery."); *Welch v. Eli Lilly & Co.*, No. 1:06-cv-

00641, 2009 WL 700199, at *14 (S.D. Ind. Mar. 16, 2009) (noting waiver is a serious sanction and declining to find the privilege waived despite defendant's inadequate privilege log and failure to meet its burden of proving the documents were privileged).

Here, there has been no unjustified delay as Krammes has responded promptly and timely to each discovery request and provided supplemental responses following Plaintiff's September 22, 2023 letter. (ECF 32-2, 32-3, and 32-6). Plaintiff's characterization of Krammes' privilege objections as boilerplate is unfounded. Though concise, Krammes' objections notified Plaintiff of the basis for his assertions of privilege—that the withheld information consisted of direct communications with his attorney. (ECF 32-3 at 3–4). No inexcusable conduct exists when Krammes adequately responded to Plaintiff's requests and objected on privilege grounds only when appropriate. *Id*. Plaintiff is unable to show bad faith when Krammes—through his attorney—has consistently refused to provide a privilege log for what are clearly privileged attorney-client communications. This Court should thus find Krammes has properly asserted the attorney-client privilege and has not waived it.

Krammes requests that the Court deny Plaintiff's requested relief in its entirety.

## II. Even if Plaintiff's Motion is Granted, Plaintiff Is Not Entitled to Expenses or Attorney's Fees Incurred in Pursing her Motion.

Krammes vehemently disputes that Plaintiff's Motion could be granted on any grounds. Plaintiff argues she is entitled to expenses in pursuing her Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A), (d)(3) and/or (c)(1)(A). Nevertheless, even if Plaintiff's Motion is granted, fees are not warranted if "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). Conduct is "substantially justified" if it is the opposing party's response to a 'genuine dispute,' or 'if reasonable people could differ as to the appropriateness of the contested action.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Krammes' position with respect to the privilege log request is supported by both case law and the express language of Rule 26(b)(5) and advisory committee notes. That means Krammes' position has at all times been "substantially justified," such that Plaintiff is not entitled to recover expenses and attorney's fees under Fed. R. Civ. P. 37(a)(5)(A), 37(d)(3), 37(c)(1)(A), or any other provision of law.

### III. Krammes is Entitled to Expenses and Attorney's Fees Incurred in Defending this Motion.

Pursuant to Fed. R. Civ. P. 37(a)(5)(B), if a Motion to Compel is denied, the court "*must*, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." (emphasis added). The Court may decline to award expenses following a denied motion to compel if the motion was substantially justified or the circumstances make an award of expenses unjust. *Id.* No such circumstances exist here, as Krammes' assertion of privilege was well-founded *ab initio* and consistently conveyed to Plaintiff's counsel. The protection of attorney-client communications is clear, and a cursory reading of the advisory committee's notes to Rule 26(b)(5), upon which Plaintiff's argument is based, shows that Plaintiff's Motion demanding a privilege log was not substantially justified. Krammes is, therefore, entitled to expenses for his defense of the Motion.

### Conclusion

The Third Circuit's decision in *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 139 n.22 (3d Cir. 2009) could not be clearer on this point: "We underscore that a privilege log may not be required for communications with counsel that take place after the filing of a lawsuit." Krammes is not required to produce a privilege log under Fed. R. Civ. P. 26(b)(5)(A)(ii) because

the communications between him and his attorney after the commencement of litigation are absolutely privileged and are not "otherwise discoverable" under Rule 26(b)(5).

For the foregoing reasons, this Court should deny Plaintiff's Motion in its entirety and instead order Plaintiff reimburse Krammes his costs and expenses as provided by Fed. R. Civ. P. 37(a)(5)(B).

Dated: November 8, 2023

/s/Scott D. MacLatchie
Scott D. MacLatchie
North Carolina Bar No. 22824
Hall Booth Smith, P.C.
11215 North Community House Road
Suite 750
Charlotte, North Carolina 28277
Telephone No. (980) 949-7820
smaclatchie@hallboothsmith.com
*Attorney for Defendant Isaac Krammes*