IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:23-CV-117-FL

| | | |
|---|---|---|
| SHANNON MULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ISAAC KRAMMES, in his individual | ) | |
| capacity, and TOWN OF SUNSET | ) | |
| BEACH, NORTH CAROLINA, | ) | |
| | ) | |
| Defendants. | | |

This matter comes before the court on a partial motion to dismiss by defendant Town of Sunset Beach, North Carolina ("Sunset Beach"). (DE 18). The issues raised are ripe for ruling. For the following reasons, the motion is terminated in part as moot and denied in remaining part on the terms set forth herein.

### BACKGROUND

Plaintiff commenced this civil rights action February 13, 2023, against Isaac Krames ("Krames"), a former police officer, and defendant Sunset Beach, alleging that defendant Krames "engaged in inappropriate and explicit communications with [plaintiff], exposed himself to her and forced her to have sexual intercourse with him in exchange for not arresting her." (Compl. ¶ 1). Plaintiff asserts claims under 42 U.S.C. § 1983, for negligent hiring, supervision, and retention, for negligent infliction of emotional distress, for intentional infliction of emotional distress, and for assault and battery, seeking compensatory and punitive damages from both defendants, costs, and attorneys' fees.

Defendant Krammes answered the complaint March 14, 2023. Defendant Sunset Beach answered the complaint and filed the instant motion April 7, 2023, asserting that it is immune from punitive damages and contending that it should be "awarded its costs [,] including attorneys' fees[,] incurred in conjunction with the filing of" the instant motion. Plaintiff responded in opposition April 18, 2023, withdrawing its request for punitive damages against defendant Sunset Beach[1] and arguing that Sunset Beach is not entitled to attorneys' fees.

Discovery in this case is ongoing under the terms of this court's case management order entered May 31, 2023, and protective order entered August 24, 2023. Plaintiff filed a motion to compel October 25, 2023, to which defendant responded November 9, 2023, and that motion has been referred to a magistrate judge for decision.

## COURT'S DISCUSSION

Defendant Sunset Beach asserts that it is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988(b) and North Carolina General Statute § 1D-45. The court disagrees.

A trial court may, in its discretion, allow the prevailing party a reasonable attorneys' fee as part of the costs in § 1983 actions. See 42 U.S.C. § 1988(b). Where the party seeking attorneys' fees is a defendant, the court must rest imposition of fees upon a finding that the "plaintiff's claim was frivolous, unreasonable, or groundless, or when the plaintiff continued to litigate after it clearly became so." Hutchinson v. Staton, 994 F.2d 1076, 1080 (4th Cir. 1993). "[A]warding attorneys' fees to a prevailing defendant is a conservative tool, to be used sparingly[.]" E.E.O.C. v. Great Steaks, Inc., 667 F.3d 510, 517 (4th Cir. 2012).

---

[1] Based upon plaintiff's withdrawal, that part of the instant motion seeking dismissal of plaintiff's claim for punitive damages against defendant Sunset Beach is terminated as moot. The court addresses in the analysis herein the remainder of relief sought in the instant motion.

2

Under North Carolina law, the "court shall award reasonable attorneys' fees, resulting from the defense against the punitive damages claim, against a claimant who files a claim for punitive damages that the claimant knows or should have known to be frivolous or malicious." N.C. Gen. Stat. § 1D-45; see Raynor v. G4S Secure Solutions (USA), Inc., 805 Fed. Appx. 170, 180 (4th Cir. 2020) (noting that there is a "high bar needed to justify such an award").

Defendant Sunset Beach asserts that it is entitled to attorneys' fees incurred in conjunction with its partial motion to dismiss, citing briefly the statutes discussed above. It does not explain, however, how plaintiff's claim is frivolous, unreasonable, or groundless, as opposed to merely incorrect. Good faith legal errors are reasonably foreseeable where counsel for the plaintiff are advancing seven claims against two defendants, relying on intricate areas of both state and federal law. In addition, upon defendant Sunset Beach's filing of the instant motion, plaintiff filed a response withdrawing her request for punitive damages over a week before such response was due. Plaintiff contends that she would have withdrawn her request for punitive damages, obviating the need for the filing of the instant motion, had defendant Sunset Beach informed her of its intent to file the same.

In the absence of any argument by defendant supporting a finding of frivolity, unreasonableness, or maliciousness, and in light of plaintiff's speedy withdrawal of her request for punitive damages, the court construes counsel's error as an honest mistake. Accordingly, defendant is not entitled to attorneys' fees.

## CONCLUSION

Based on the foregoing, defendant Sunset Beach's partial motion to dismiss (DE 18) is TERMINATED IN PART AS MOOT, and DENIED IN PART, as set forth herein. All claims asserted in the complaint may proceed, except that plaintiff's claim for punitive damages from defendant Sunset Beach is withdrawn. Each side shall bear its own costs incurred in connection with the instant motion.

SO ORDERED, this the 13th day of December, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge