IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:23-cv-117-FL

| | |
|---|---|
| SHANNON MULLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **SUNSET BEACH'S MOTION** |
| ) | **FOR SUMMARY JUDGMENT** |
| ISAAC KRAMMES, in his ) | |
| individual capacity; and THE ) | |
| TOWN OF SUNSET BEACH, ) | |
| NORTH CAROLINA, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Defendant Town of Sunset Beach respectfully moves the Court for entry of an Order granting summary judgment in its favor as to all of Plaintiff's claims against it. The Defendant Town contends that there is no genuine issue of material fact and it is entitled to judgment as matter of law for the following reasons, among others:

- 42 U.S.C. § 1983 claims against the Defendant Town fail because there is no basis for imposing municipal liability for Krammes' alleged misconduct under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and subsequent case law. There is no competent evidence of a preexisting policy or custom of violating citizen's rights in a similar fashion; the Defendant Town had no notice of Krammes' alleged Plaintiff's misconduct until long after it occurred; there is no requirement to specifically train police officers to refrain from engaging in obvious misconduct; and there is no causal link between any specific deficiency in the Town's training program and Plaintiff's alleged injuries.

- Plaintiff's state law claims fail for multiple reasons. The Defendant Town cannot be liable under a *respondeat superior* theory of liability because Defendant Krammes' alleged misconduct was outside the course and scope of his employment as a matter of law. The Town had no notice of any incompetency or unfitness on the part of Krammes, so the Town cannot be held liable for negligence or NIED. Finally, the Town did not commit any act or

omission that could reasonably be described as extreme and outrageous, as required for Plaintiff's IIED claim.

Accordingly, the Defendant Town's motion for summary judgment should be GRANTED and the Plaintiff's claims against the Town should be DISMISSED WITH PREJUDICE. The Town also prays that the Court tax the costs of this matter against Plaintiff.

Pursuant to Local Civil Rule 7.1, the Defendant Town is submitting a memorandum of law explaining the bases for this motion in greater detail.

This the 6th day of February, 2024.

CROSSLEY McINTOSH COLLIER HANLEY & EDES, PLLC

*/s/Norwood P. Blanchard, III*
Norwood P. Blanchard, III
State Bar No. 26470
5002 Randall Parkway
Wilmington, NC 28403
P: 910-762-9711
F: 910-256-0310
norwood@cmclawfirm.com
Attorney for Sunset Beach

Susan G. Renton
State Bar No. 39181
G. Grady Richardson
State Bar No. 25508
Law Offices of G. Grady Richardson, Jr. P.C.
1908 Eastwood Rd., Suite 224
LUMINA STATION
Wilmington, NC 28403
P: 910-509-7166
F: 910-509-7167
susan@ggrlawoffice.com
Town Attorneys for Sunset Beach

<u>CERTIFICATE OF SERVICE</u>

I certify that on February 14, 2024, I electronically filed the foregoing MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court using the Court's electronic filing system which will send notification of such filing to all counsel of record in this matter.

This is the 14th day of February, 2024

/s/Norwood P. Blanchard, III<br>
Norwood P. Blanchard, III