IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Southern Division

| | |
|---|---|
| SHANNON MULLEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:23-cv-00117-FL |
| ) | |
| ISAAC KRAMMES, in his ) | |
| individual capacity, and ) | |
| TOWN OF SUNSET BEACH, ) | |
| NORTH CAROLINA, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR LEAVE TO FILE EXHIBITS TO PLAINTIFF'S OPPOSITION TO DEFENDANT TOWN OF SUNSET BEACH, NORTH CAROLINA'S LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL FACTS UNDER SEAL**

Plaintiff Shannon Mullen offers this Memorandum in Support of her Consent Motion for Leave to File Exhibits to Plaintiff's Opposition to Defendant Town of Sunset Beach, North Carolina's Local Civil Rule 56.1 Statement of Material Facts Under Seal pursuant to Local Rules 7.2 and 79.2 as well as Section V.G. of the CM/ECF Policy Manual. In her Motion to Seal (Dkt. No. 49), Plaintiff respectfully requests an Order sealing confidential exhibits and portions to exhibits to Plaintiff's Opposition to Defendant Town of Sunset Beach, North Carolina's Local Civil Rule 56.1 Statement of Materials Facts (Dkt. No. 45), as well as the statements in such Opposition and her Memorandum in Opposition to Defendant Town of Sunset Beach, North Carolina's Motion for Summary Judgment that cite to or directly reference them.

Specifically, Plaintiff seeks to seal the following exhibits to her Opposition to Defendant Town's SMF (Dkt. No. 45):

a. Exhibit A, in its entirety, which is comprised entirely of pages from Defendant Isaac Krammes' personnel file (unredacted version at Dkt. No. 47-1; sealed sheet at Dkt. No. 45-1);

b. Exhibit B, in part, which is the deposition of Defendant Town's Fed. R. Civ. P. 30(b)(6) witness, Kenneth Klamar and the parts sought to seal directly reference Sunset Beach Police Department officers' personnel file (unredacted version at Dkt. No. 47-2; redacted version at Dkt. No. 45-2);

c. Exhibit C, in part, which is the deposition of Plaintiff and which makes reference to personnel information of a former Sunset Beach Police Department officer (unredacted version at Dkt. No. 47-3; redacted version at Dkt. No. 45-3);

d. Exhibit G, in its entirety, which is comprised entirely of pages from the personnel files of Sunset Beach Police Department officers (unredacted version at Dkt. No. 47-4; sealed sheet at Dkt. No. 45-7).

Plaintiff also seeks to seal the redacted statements in her Opposition to Defendant Town's SMF (unredacted version at Dkt. No. 47; redacted version available at Dkt. No. 45) and accompanying Memorandum in Opposition to Defendant Town's Motion for Summary Judgment (unredacted version at Dkt. No. 48; redacted version available at Dkt. No. 46) which cite to and directly reference information contained in those confidential exhibits. For the reasons set forth herein, Plaintiff's Motion to Seal (Dkt. No. 49) should be granted.

## FACTUAL BACKGROUND

On August 24, 2023, this Court entered a Consent Protective Order (Dkt. No. 30). The terms of the Order permitted the parties to designate certain deposition testimony "confidential." (Dkt. No. 30 at ¶ 4.) Under the Order, documents that "may be designated as '<u>Confidential Materials</u>'" include: "information protected from disclosure other than by court order pursuant to subject to N.C.G.S. § 160A-168(c). (*Id*. at ¶ 3.) The Order contemplates that a party seeking to file documents designated as "confidential" file an accompanying motion to seal and memorandum. (*Id*. at ¶ 6).

Defendant Town's counsel marked these personnel files "confidential" under the Consent Protective Order (Dkt. No. 30). As such, in compliance with that Order, Plaintiff has moved to seal them as well as the statements citing to them.

## ARGUMENT

The Fourth Circuit has long recognized that "[t]he trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Spence v. ITC Deltacom Commc'ns, Inc.*, No. 5:07-CV-15-BR, 2007 WL 9718658, at *2 (E.D.N.C. July 30, 2007)(quoting *In re The Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

> The Supreme Court has suggested that the factors to be weighed in the balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.

*Id.* (citing *In re The Knight Publishing Co.*, 743 F.2d at 235 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-608 (1978)). Protective orders have before been grounds to seal certain records. *See Randa v. Barr*, No. 5:18-CV-19-FL, 2020 WL 2812822, at *2 (E.D.N.C. May 29, 2020)("In accordance with the March 11, 2019, protective order entered in this matter, good cause exists to seal DE 119 & 120.")

The pages sought to be sealed include or cite information in Defendant Krammes' personnel file and Defendant Town has marked all pages sought to be sealed "confidential" pursuant to the terms of the Consent Protective Order (Dkt. No. 30). As such, as required under the terms of such Order, Plaintiff, through his Motion to Seal, respectfully requests that these pages (*see* Dkt. Nos. 47-1 and 47-4) and other statements referencing or citing personnel files (*see* Dkt. Nos. 47, 47-2, 47-3 and 48) be filed under seal.

## CONCLUSION

For the reasons stated herein, there is good cause to grant Plaintiff's Motion to Seal (Dkt. No. 49) and to permit Plaintiff leave to file these confidential documents and portions of documents under seal.

This the 6th day of March, 2024.

| | |
|---|---|
| **EDWARDS BEIGHTOL, LLC** | **TARLTON LAW PLLC** |
| _/s/ Catharine E. Edwards__ | _/s/ Raymond C. Tarlton __ |
| Catharine E. Edwards | Raymond C. Tarlton |
| NC Bar No. 52705 | NC Bar No. 38784 |
| Post Office Box 5967 | Post Office Box 91624 |
| Raleigh, North Carolina 27628 | Raleigh, North Carolina 27675 |
| T: (919) 636-5100 | T: (919) 390-1278 |
| F: (919) 495-6868 | F: (919) 400-4200 |
| E: cee@eblaw.com | E: ray@tarltonfirm.com |

# CERTIFICATE OF SERVICE

    I hereby certify that on March 6, 2024, I served on behalf of the Plaintiff the foregoing **MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR LEAVE TO FILE EXHIBITS TO PLAINTIFF'S OPPOSITION TO DEFENDANT TOWN OF SUNSET BEACH , NORTH CAROLINA'S LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL FACTS UNDER SEAL** on counsel for all parties in this case by filing it with the Court's ECF system.

This the 6th day of March, 2024.

                                                    /s/ Catharine E. Edwards
                                                  N.C. State Bar No.: 52705
                                                  Attorney for Plaintiff
                                                  cee@eblaw.com
                                                  **EDWARDS BEIGHTOL, LLC**
                                                  PO Box 6759
                                                  Raleigh, NC 27628
                                                  Telephone: (919) 636-5100
                                                  Facsimile: (919) 495-6868